COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



## ORDER OF ABATEMENT

Style:                           Larry F. Erneston v. The State of Texas
Appellate case number:           01-11-00845-CR
Trial court:                     County Court at Law No. 2, Fort Bend County, Texas
Trial court case number:         98-CCR-077087

The complete record has been filed in the above-referenced appeal. Appellant's retained counsel, Kathryn Shepherd, has not filed a brief on appellant's behalf. Appellant's brief was due on March 28, 2012. On April 24, 2012, the Clerk of this Court notified appellant that a brief had not yet been filed and required that a response be filed within 10 days. On May 2, 2012, the late brief notification was returned to the Clerk marked "Not able to deliver; unable to forward." In response to an inquiry from the Clerk, the firm that Shepherd indicated she was affiliated with informed the Clerk that Shepherd was not with the firm any longer and that the firm had no forwarding information for Shepherd.

We therefore abate the appeal and remand for the trial court to immediately conduct a hearing at which a representative of the Fort Bend County District Attorney's Office and appellant's counsel Kathryn Shepherd shall be present. TEX. R. APP. 38.8(b)(2). Appellant shall also be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing.[1] If Shepherd fails to appear for the hearing, the trial court shall proceed with the hearing without Shepherd in attendance.

The trial court shall have a court reporter record the hearing. The trial court is directed to:

(1) make a finding on whether appellant wishes to prosecute the appeal;
(2) if appellant does wish to prosecute the appeal, determine whether Kathryn Shepherd has abandoned the appeal;
(3) if counsel Kathryn Shepherd has not abandoned the appeal:
    a. inquire of counsel the reasons, if any, that she has failed to file a brief on appellant's behalf;
    b. determine whether appellant has paid counsel's fee for preparing an

---

[1] Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request of appellant, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

appellate brief and determine whether appellant has made any other necessary arrangements for filing a brief; and

    c. set a date certain when appellant's brief is due, regardless of whether this Court has yet reinstated the appeal and no later than 30 days from the date of the hearing;

(4) if Kathryn Shepherd has abandoned this appeal, enter a written order relieving Kathryn Shepherd of her duties as appellant's counsel, including in the order the basis for the finding of abandonment, and:

    a. determine whether appellant wishes to hire another attorney, and if so, provide a deadline by which appellant must hire an attorney; or,

    b. if appellant does not wish to hire another attorney, admonish appellant of the dangers and disadvantages of self-representation, and determine whether appellant is knowingly and intelligently waiving his right to counsel and, if so, obtain a written waiver of the right to counsel and set a date certain when appellant's brief is due, regardless of whether this Court has yet reinstated the appeal and no later than 30 days from the date of the hearing; or,

    c. if appellant now claims to be indigent, determine whether appellant is indigent and if appellant is indigent, appoint substitute appellate counsel at no expense to appellant.

(5) make any other findings and recommendations the trial court deems appropriate; and

(6) enter written findings of fact, conclusions of law, and recommendations as to these issues.

*See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (d)(1), (f) (West Supp. 2011); TEX. R. APP. P. 38.8(b).

The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings and recommendations with this Court **no later than 30 days from the date of this order.** The court reporter is directed to file the reporter's record of the hearing by **no later than 30 days from the date of this order.** If the hearing is conducted by video teleconference, a certified video recording of the hearing shall also be filed in this Court no later than 30 days from the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and the reporter's record are filed in this Court. The court coordinator of the trial court shall set a hearing date and notify the parties and the Clerk of this Court of such date.

It is so **ORDERED**.

Judge's signature: /s/ <u>Justice Evelyn V. Keyes</u>
☑   Acting individually      Ǫ   Acting for the Court

Date: June 15, 2012